IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH

| | |
|---|---|
| PAULA A. MITCHELL,<br><br>Plaintiff,<br>v.<br><br>THE BANK OF NEW YORK MELLON; a New York Chartered Bank; BRAD DeHAAN; an individual; HILLARY McCORMACK, an individual; BRIGHAM LUNDBERG, an individual; LUNDBERG & ASSOCS, PC; a Utah Professional Corporation; NuVENTURE GROUP, LLC, a Utah Limited Liability Company; STATUTORY BENEFICIARY DOES, 1-1000; REPURCHASING DOE; and DOES 1001-2000<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING EXTENSION OF TIME<br><br>Case No.: 2:18-cv-00636<br><br>Judge: Clark Waddoups |

Before the court is Plaintiff's Motion for Extension of Time to Oppose the Lundberg Defendants' Motion to Dismiss. (ECF No. 18.) As explained below, the court grants the Motion.

Background

On August 14, 2018, Plaintiff filed her Complaint against all Defendants. (ECF No. 2.) The case was assigned to Magistrate Judge Wells on this date. (ECF No. 1.) On November 30, 2018, Defendants Brad DeHaan, Hillary McCormack, Brigham Lundberg, and Lundberg & Associates, PC (Lundberg Defendants) filed a Motion to Dismiss "all claims alleged in plaintiff's Complaint against them" "pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure. (ECF No. 10 at 2.) On December 3, 2018, the case was reassigned to the undersigned. (*See* ECF No. 12.)

On December 31, 2018, the Lundberg Defendants filed a Request to Submit for Decision in which they stated that "[n]o response to [their] Motion [to Dismiss] was filed and the time to

file a response expired on December 28, 2018." (ECF No. 17 at 2.) On that same day, Plaintiff filed a Motion for Extension of Time to Oppose the Lundberg Defendants' Motion to Dismiss in which she requested "a one-week extension to prepare and file a memorandum in opposition" to the Lundberg Defendants' Motion to Dismiss. (*See* ECF No. 18 at 2.) In this Motion, Plaintiff explained that Plaintiffs' counsel's brother in law "passed away Thanksgiving Day" and that his "funeral was the week Defendant's filed the Motion to Dismiss." (ECF No. 18 at 2.) "As a result of the funeral," and other matters, "the deadline for the opposition was not correctly calendared so as to have requested an extension earlier." (ECF No. 18 at 2.)

Later on December 31, 2018, the Lundberg Defendants filed an Opposition to Plaintiff's Motion for Extension. (ECF No. 19.) The Lundberg Defendants argued that "Plaintiff does not allege any excusable neglect in failing to file a timely response to the Lundberg Defendants' Motion to Dismiss . . . nor does Plaintiff set forth the elements of excusable neglect or explain how she has satisfied them." (ECF No. 19 at 2.) For this reason, among others, the Lundberg Defendants "request[ed] that [the] Court deny Plaintiff's Motion for Extension" and "decide the Lundberg Defendants' Motion to Dismiss . . . as it was submitted—unopposed." (ECF No. 19 at 7.)

Analysis

The Lundberg Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10 at 2.) "A memorandum opposing motions filed pursuant to Fed. R. Civ. P. 12(b) . . . must be filed within twenty-eight . . . days after service of the motion or within such time as allowed by the court." DUCivR 7–1(b)(3)(A). Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act . . . must be done within a specified time, the court, may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "In determining

2

whether neglect is 'excusable,' a court must take into account 'all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Estate of Grubbs v. Weld Cty. Sheriff's Office*, No. 16-CV-00714-PAB-STV, 2018 WL 2213907, at *1 (D. Colo. May 14, 2018) (quoting (*Stringfellow v. Brown*, 105 F.3d 670, 1997 WL 8856, at *2 (10th Cir. 1997)). "Control over the circumstances of the delay is 'the most important single factor in determining whether neglect is excusable.'" *Stringfellow* at *1 (quoting *City of Chanute v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994)).

Here, the Lundberg Defendants argue that Plaintiff's "time for filing a response lapsed on December 28, 2018." (ECF No. 19 at 3.) Plaintiff has requested that she be "allowed an additional week, until . . . January 4, 2019 to prepare and file" a response to the Lundberg Defendants' Motion to Dismiss. (*See* ECF No. 18 at 2.) The length of the delay is therefore only one week. The prejudice to the Lundberg Defendants from a one week delay is minimal. This slight delay will not greatly impact the proceedings. The court also notes that the primary reason for the delay is a death in Plaintiff's counsel's family. A death in counsel's family is not within Plaintiff's control. Having considered all the relevant circumstances, the court finds that Plaintiff's neglect is excusable.

## Conclusion

Having found that Plaintiff failed to act because of excusable neglect, and for good cause, the court GRANTS Plaintiff's Motion for Extension, (ECF No. 18). Plaintiff must file a memorandum in opposition to the Lundberg Defendants' Motion to Dismiss on or before January 4, 2019.

DATED this 2nd day of January, 2019

                                      BY THE COURT:

                                      Clark Waddoups
                                      United States District Judge